# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

FILED

Robin Johnson,

AUG 1 3 2025

Plaintiff,

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

v.

**1 : 25 CV 0 1 6 8 9**

# JUDGE OLIVER

## MAG JUDGE ARMSTRONG

City of Cleveland; Sgt. Eugene Young; Sgt. Dahlia Lopez; Ariel Flores; Jennifer Meyer; and

Chief Dorothy Todd, each in their individual and official capacities,

Defendants.

**COMPLAINT**

(Bench Trial Requested)

**INTRODUCTION**

1. Plaintiff Robin Johnson ("Plaintiff") brings this action against the City of Cleveland and individual Defendants Sgt. Eugene Young, Sgt. Dahlia Lopez, Jennifer Meyer, and Chief Dorothy Todd, for unlawful discrimination, retaliation, defamation, and denial of procedural due process, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1983, the CROWN Act, and applicable provisions of the Ohio Revised Code. This case arises from a pattern of discriminatory and retaliatory conduct targeting Plaintiff's protected characteristics, including her race and natural hair, and her participation in protected activity opposing such discrimination. Defendants engaged in coordinated actions that included initiating and sustaining an Internal Affairs investigation based on knowingly false statements, misrepresenting Plaintiff's communications, omitting exculpatory facts from official reports, and releasing damaging unverified allegations to the

public record.  Defendants' conduct caused tangible harm to Plaintiff's career, reputation, and emotional well-being, ultimately forcing her to resign under conditions so intolerable that a reasonable person would have felt compelled to do so. These acts were not isolated, but rather carried out in accordance with an ongoing policy, custom, and practice within the Cleveland Division of Police that credits uncorroborated allegations from higher-ranking officers, disregards procedural safeguards, and fails to investigate or correct false public statements.

## HISTORICAL CONTEXT: TIGNON LAWS AND SUMPTUARY LAWS

2.  The discrimination in this case is rooted in a long historical pattern of policing and controlling the appearance of Black women's hair.  In 1786, the Governor of Louisiana enacted the "Tignon Laws," a form of Sumptuary Law, which required Black women—both enslaved and free—to cover their hair with a scarf or wrap in public.  50. Plaintiff realleges and incorporates by reference the preceding paragraphs. violations of Plaintiff's constitutional and statutory rights.  These laws were intended to mark them as inferior, restrict their self-expression, and prevent them from competing  with white women for social attention.

3.  Sumptuary Laws more broadly were regulations that restricted certain people from wearing clothing, hairstyles, or adornments, often based on race, social class, or gender.  While the Tignon Laws are no longer in effect, their legacy persists in modern forms of discrimination against hairstyles historically associated with race, such as natural curls, braids, wigs, and protective styles.

4.  Today, federal law under Title VII of the Civil rights Act of 1964, the Ohio Civil rights Act (O.R.C. sections 4112) and the CROWN Act protect individuals from discrimination based on hair texture and protective hairstyles, recognizing these as traits closely associated with race.  Disparaging comments or social media post targeting these traits—such as Defendant Young's post implying black women should "be themselves" by removing wigs —constitute

racial harassment and perpetuate the same stigmas that Tignon Laws sought to enforce centuries ago.

**JURISDICTION AND VENUE**

5.   This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

6.   Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events and omissions giving rise to these claims occurred in the Northern District of Ohio, and all Defendants reside or are employed within this district.

7.   . Plaintiff has exhausted all administrative remedies as required by law. The Equal Employment Opportunity Commission issued a Right to Sue letter on [insert exact date], which is attached as Exhibit 2.

**FACTUAL ALLEGATIONS**

8.   Plaintiff is an African American woman who began employment with the City of Cleveland on or about June 17, 2019.   Later transferring to the Cleveland Division of Police ("CDP") as a Senior Data Conversion Operator  May 31, 2024.

9.   Plaintiff performed her job duties competently and received positive feedback from colleagues and upper management.   Prior to the events giving rise to this complaint, Plaintiff had no history of sustained documented disciplinary actions.

10.  On or about September 29, 2024, Defendant Sgt. Eugene Young initiated direct contact with Plaintiff through **Facebook Messenger**, establishing personal communications outside the scope of professional duties.

11. On or about October 9, 2024, Defendant Young sent Plaintiff a request to connect on his **Facebook Page** , furthering personal interaction outside the workplace.

12. On or about October 15, 2024, Plaintiff blocked Defendant Young on Facebook. This was a personal action unrelated to work performance, and Plaintiff had the right to make this decision without reprisal. Plaintiff blocked Defendant Young, after seeing his discriminatory Facebook post (not video)

13. On or about October 16, 2024, Defendant Young sent Plaintiff a message giving Plaintiff his personal phone number stating she could "call anytime."

14. Following the Facebook block, Defendant Young engaged in escalating retaliatory conduct, including initiating an Internal Affairs ("IA") complaint, on Oct 28, 2024, containing false allegations that Plaintiff had engaged in improper communications, workplace rumors, or misconduct.

15. Defendant Young's IA complaint omitted material facts, including his own prior initiation of contact and contained statements he knew or should have known were false.

16. Plaintiff was never given an opportunity to be interviewed about Defendant Young's complaint before IA sustained the allegations. This deprived Plaintiff of the ability to rebut, clarify, or cooperate in resolving the matter. Plaintiff was offered no Garrity Interview during her employment. Or no meaningful opportunity to rebut or give her side of events fully

17. Defendant Sgt. Dahlia Lopez, assigned as IA investigator, failed to conduct an impartial investigation. She misapplied Ohio Rev. Code § 2917.21 (telecommunications harassment) to suggest a violation of CDP Manual Rule 2.01, despite the absence of any evidence establishing such a charge. Defendant Lopez is not an attorney or prosecutor

18. Defendant Lopez also served as investigator on Plaintiff's own private citizen police report regarding harassing calls, creating a conflict of interest. A reasonable investigator would have recognized that handling both matters undermined impartiality.

19. Defendant Lopez's Final Report contains multiple misrepresentations and omissions, including: a) Incorrectly stating Plaintiff's employment start date with the City of Cleveland;

b) Failing to include confirmation of workplace rumors provided by Defendant Young himself during his interview; c) Altering or subtly changing the meaning of documents and statements to suggest misconduct by Plaintiff.

20. On or about January 23, 2025, Defendant Lopez informed Plaintiff she was closing the case based on the Chief Prosecutor's findings, yet the Final Report lists a suspension date extending to February 14, 2025, creating contradictory official records. Also, on January 23, 2024, Chief Prosecutor Jordan reviewed Lopez's finding and determined that no charges will be filed against Plaintiff, due to insufficient evidence (See Exhibit 9)

21. Defendant Jennifer Meyer, in her Superintendent capacity, issued correspondence to Plaintiff regarding the sustained IA findings and advised that if Plaintiff wanted to know details of the IA process, she would need to submit a public records request. This denied Plaintiff meaningful notice and an opportunity to respond prior to the conclusion of the investigation. (See Exhibit 5)

22. Defendant Chief Dorothy Todd approved or acquiesced in the IA findings without independently reviewing the investigative file, the evidence, or the procedural irregularities.

23. . Defendants' actions were consistent with a pattern and practice within CDP of sustaining allegations brought by higher-ranking officers without corroborating evidence, denying procedural safeguards to lower-ranking employees, and releasing damaging unverified allegations to the public record.

24. On or about July 29, 2025, Plaintiff received an email from TikTok's algorithm, suggesting the account "@genegene_n_ohio" as "someone you may know." (See Exhibit 13 contents) Upon reviewing the account, Plaintiff discovered a video posted by Defendant Young, which stated Block you huh, nah you're going to watch me win, bitch". The video used synthetic voice narration over images of Defendant Young and was posted during Plaintiff's open IA investigation. The video was posted on 11/6/2024. The video was later deleted, likely after Plaintiff preserved it as evidence. (See video Exhibit 13-disc drive).

25. The timing and content of the TikTok post demonstrate retaliatory intent and were

reasonably likely to dissuade a reasonable person from engaging in protected activity under Title VII.

26. Plaintiff's reports of harassment, procedural misconduct, and discriminatory treatment were protected activities under federal and state law. Each named Defendant took adverse actions against Plaintiff after she engaged in these protected activities.

27. The adverse actions included: a) Initiating and sustaining false IA allegations; b) Conducting a biased and procedurally defective investigation; c) Releasing damaging unverified allegations to the public record; d) Ignoring clear evidence favorable to Plaintiff; e) Subjecting Plaintiff to public humiliation and reputational harm, f) Falsifying a legal document the Complaint Form -1 to include: implications, mischaracterization of Plaintiffs character and conduct, providing no dates or times for incidents mentioned, no policy violations cited, Defendant falsely stated he caught Plaintiff watching him as he moved through the department, Defendant was dismissive of Plaintiff's attempt to resolve conflict, calling her messages "ramblings" Defendant Young failed to mention his own misconduct as outlined in exhibits and various other communications.

28. Defendants' conduct created a work environment so hostile and intolerable that Plaintiff was constructively discharged. A reasonable person in Plaintiff's position would have felt compelled to resign under the same circumstances.

29. Plaintiff's forced resignation caused substantial harm, including lost wages, lost employment benefits, emotional distress, damage to reputation, and ongoing economic hardship.

30. The acts and omissions of each Defendant were carried out intentionally, recklessly, or with deliberate indifference to Plaintiff's federally protected rights.

31. Defendants' actions were also consistent with a widespread and well-settled custom within the City of Cleveland to: a) Credit uncorroborated allegations from higher-ranking

officers; b) Fail to interview the accused prior to sustaining allegations; and prior to closing the investigation  c) Misapply criminal statutes to justify internal rule violations; d) Permit investigators with conflicts of interest

to handle related matters; e) Allow approval of investigative findings without meaningful review by command staff.

## COUNT I – RETALIATION (Title VII, 42 U.S.C. § 2000e-3)

32.  Plaintiff realleges and incorporates by reference the preceding paragraphs.

33.  Plaintiff engaged in protected activity when she reported harassment, discriminatory conduct, and procedural misconduct.

34.  Each Defendant was aware of Plaintiff's protected activity.

35. Defendants subjected Plaintiff to adverse actions, including initiating and sustaining false IA allegations, conducting biased investigations, releasing unverified damaging information to the public record, and otherwise retaliating against Plaintiff.

36.  The retaliatory actions were causally connected to Plaintiff's protected activity.

37.  As a direct and proximate result, Plaintiff suffered economic losses, reputational harm, and emotional distress.

## COUNT II – RACE DISCRIMINATION (Title VII, 42 U.S.C. § 2000e-2, CROWN Act)

38.  Plaintiff realleges and incorporates by reference the preceding paragraphs.

39.  Plaintiff is an African American woman and a member of a protected class.

40.  Plaintiff was subjected to adverse employment actions as described above.

41.  Similarly situated employees outside Plaintiff's protected class were not subjected to the same treatment.

42.  Defendants' conduct was motivated, at least in part, by Plaintiff's race and protected

characteristics, including her natural hair.

43. The conduct constitutes unlawful discrimination under Title VII and the CROWN Act.

## COUNT III – DEFAMATION (Ohio Common Law)

44. Plaintiff realleges and incorporates by reference the preceding paragraphs.

45. Defendants made false and defamatory statements about Plaintiff, both orally and in writing, including but not limited to allegations in IA reports, public records, and online postings.

46. Defendants knew the statements were false or acted with reckless disregard for their truth or falsity.

47. The statements were published to third parties without privilege.

48. The false statements harmed Plaintiff's reputation and caused emotional distress and economic losses.

## COUNT IV – DENIAL OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)

49. Plaintiff realleges and incorporates by reference the preceding paragraphs.

50. Plaintiff had a constitutionally protected property and liberty interest in her employment and in her good name and reputation.

51. Defendants, acting under color of state law, deprived Plaintiff of those interests without providing adequate notice and a meaningful opportunity to be heard.

52. The IA process was biased, procedurally defective, and predetermined to sustain allegations against Plaintiff without fair consideration of evidence.

53. Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment.

## C COUNT V – MUNICIPAL LIABILITY (Monell Claim, 42 U.S.C. § 1983)

54. Plaintiff realleges and incorporates by reference the preceding paragraphs.

55. The violations of Plaintiff's rights were the result of a policy, practice, or custom of the City of Cleveland, including: (a) Crediting uncorroborated allegations from higher-ranking officers; (b) Failing to train or supervise investigators; (c) Misapplying criminal statutes to justify internal rule violations; and (d) Allowing investigators with conflicts of interest to handle related matters.

56. The City, through its policymakers, was deliberately indifferent to the known or obvious consequences of these customs and practices.

57. These customs and failures to train or supervise were the moving force behind the violations of Plaintiff's constitutional and statutory rights.

**EXHIBIT INDEX**

Exhibit 1 – Sgt. Eugene Young's Form-1 Complaint (18 pages)

Exhibit 2 – EEOC Right to Sue Letter (4 pages)

Exhibit 3 – EEOC Charge Filings and Other Avenues Taken (4 pages)

Exhibit 4 – Sgt. Lopez's Synopsis (5 pages)

Exhibit 5 – Letter from Jennifer Meyer (3/17/2025) and related email (3/27/2025) (4 pages)

Exhibit 6 – Message Exchanges between Plaintiff and Young (21 pages)

Exhibit 6A – Young's Statements vs Message Evidence

Exhibit 7 – Commander McGuth's Compliments (4 pages)

Exhibit 8 – Call Log Used by Lopez (1 page)

Exhibit 9 – Chief Prosecutor Jordan Declination (1 page)

Exhibit 10 – CPD Police Report (11/2/2024) (2 pages)

Exhibit 11 – Lopez's Final Report (29 pages)

Exhibit 12 – Disc Drive: Young's IA Interview (11/4/2024)

Exhibit 13 – Disc Drive: TikTok Video Calling Plaintiff "Bitch"   (11/6/2024) / Copy of TikTok email

Exhibit 14 – Ariel Flores's File (37 pages)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Enter judgment in Plaintiff's favor on all counts;

b) Award compensatory damages in an amount to be determined at trial;

c) Award punitive damages against the individual Defendants for their willful and malicious conduct;

d) Award pre- and post-judgment interest as allowed by law;

e) Award costs and reasonable expenses;

f) Grant injunctive and declaratory relief as appropriate; and

g) Award such other relief as the Court deems just and proper.

Plaintiff demands a bench trial on all claims so triable.

Respectfully submitted,

Robin Johnson

Plaintiff, Pro Se

Email: Msrejstyles@gmail.com

Phone: 216-971-0472

Address:
2490 Lee Blvd  115D
Cleveland  Heights Ohio
44118

Date: August 13, 2025